CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## JANUARY TERM, 1920.

WALLACE H. MANION v. STATE OF NEBRASKA.

FILED JANUARY 17, 1920. No. 21111.

1. Criminal Law: LARCENY: WITNESSES: COMPETENCY. In a prosecution for the larceny of automobile tires, a dealer in automobile accessories who has purchased at wholesale, and sold at retail, automobile tires of the character described in the information, at the place the larceny is alleged to have been committed, over a period of two years, is a competent witness as to the value of the stolen property.

2. ————: EVIDENCE: ADMISSIBILITY. In establishing the identity of stolen automobile tires, the state was permitted to show the numbers on the tires and the numbers on the invoice received at the time the tires were purchased. In the invoice the numbers were listed as D-53457, -679, -745, etc., without repeating the D-53 before each number. On the tires the D-53 was in each case written as part of the number. It was shown that this was a mere serial number, and that it was not customary to use it except with the first number on the invoice, unless the serial was changed. *Held*, the discrepancy did not render the invoice inadmissible.

3. Larceny: SUFFICIENCY OF EVIDENCE. Evidence *held* sufficient to sustain the verdict.

4. Criminal Law: PRIVY VERDICT. May 29, 1919, after the jury in a felony case had retired to deliberate upon a verdict, the court made an order adjourning the regular May, 1919, term until June 10. May 30, the following entry was made: "The jury send word to the judge of the court that they have arrived at a verdict. This being a legal holiday, and the court not being in session, court is opened by the judge thereof solely for the purpose of receiving the verdict of the jury." The regular proceedings were had. Defendant

(130) [104 Neb

was present and made no objection. The concluding statement of the record is: "Thereupon court is closed for the day by order of the court." *Held*, that the verdict was not a "privy verdict" as being received in vacation time.

ERROR to the district court for Nuckolls county: RALPH D. BROWN, JUDGE. *Affirmed.*

*John C. Hartingan* and *H. H. Mauck*, for plaintiff in error.

*Clarence A. Davis, Attorney General*, and *Mason Wheeler, contra.*

MORRISSEY, C. J.

Defendant was convicted of grand larceny in the district court for Nuckolls county, for stealing 12 automobile tires, and was sentenced to serve from one to seven years in the penitentiary. From this conviction, he brings error.

On the night of May 1, 1918, the garage of Lockwood, Jackson & Company, at Nelson, was entered, and 12 automobile tires were taken from the store-room. These tires were found on the following day in the possession of one Stephenson, a garage man at Superior. Stephenson, as a witness for the state, testified that he received them from defendant. Defendant denied that he ever negotiated with Stephenson for the sale of the tires, and disclaimed any knowledge of, or part in, the larceny.

Error is predicated upon the admission of the testimony of Lockwood as to the value of the stolen tires. It is claimed that the proper foundation had not been laid, and that the witness was permitted to testify as to the wholesale and retail price of the tires without any knowledge shown of their true value or condition. This objection is not well taken. Lockwood was the manager of the garage from which the tires were stolen. He had purchased tires of this brand from time to time during a period of two years, had ordered these identical tires, and his testimony shows a familiarity with both wholesale and retail prices.

The admission of certain testimony to establish the identity of the property is also complained of by defendant. It is said that this testimony is based upon a comparison of the numbers stamped on the tires with those contained in the invoice, and that these numbers did not correspond. In the invoice the tires were set out as D-53457, -679, -745, etc., without repeating the D-53 before each number. On the tires the D-53, or D-54, was in each case added as part of the number. Lockwood explained that this was a mere serial number, and that it was customary not to use it except with the first number on the invoice, unless the serial was changed. This is undisputed. It cannot reasonably be said, therefore, that there was a discrepancy between the numbers on the invoice and on the tires, and this evidence of identification was properly admitted. This also applies to the other exhibits of the same general class offered by the state. Nor was it error, in view of the other evidence as to value, to refuse to exclude the invoice because it showed the cost of the tires.

By another assignment, complaint is made of the admission of the evidence of two witnesses calculated to show the time required to drive such an automobile as that described by the witness Stephenson from Superior to Nelson and return. It is claimed that no foundation was laid for this testimony. In view of the record, taken as a whole, this assignment is not well founded.

It is also argued that the evidence is insufficient to support the verdict. It will serve no useful purpose to set out the details of the evidence; a general summary is sufficient. According to the testimony of Stephenson, defendant had offered to sell him tires such as those described in the information. Stephenson loaned him an automobile for use in bringing the tires to Superior. Late in the night Stephenson found this automobile loaded with the tires, at the back door of his garage. He drove the automobile into the garage, and soon thereafter defendant entered. There was a discussion between them relative

to the tires. Defendant expressly denies the story told by Stephenson in so far as it tends to connect him with the crime, but admits an acquaintance with Stephenson, and that he had on other occasions talked with Stephenson with a view of securing employment in his garage. Defendant undertakes to account for his whereabouts during the entire night. He does appear to account for his time during the night, not only by his own testimony, but by that of disinterested witnesses, with the exception of about one and one-half hours when he claims to have been alone in his room in a hotel. According to the theory of the state, it was during this time that he committed the crime of which he has been convicted.

There are circumstances in connection with Stephenson's story that are calculated to arouse suspicions of his honesty in the transaction. He was tried on the charge of having received the tires, knowing them to have been stolen, but was acquitted. Whether he received the tires in good faith or with a dishonest motive is not material here. The jury were not bound to accept as true the entire story told by Stephenson. They may have doubted his entire innocence, but believed so much of his testimony as was material in the cause before them. Nor were the jury bound to believe the story told by defendant. There is sufficient evidence in the record to sustain the verdict, and it will not be disturbed.

The final point raised by defendant is that the verdict was received in vacation, and hence is void as a privy verdict. The cause was submitted to the jury May 29, 1919. While the jury were deliberating upon the verdict, the court entered an order adjourning the regular May, 1919, term until June 10. May 30 the following entry was made: "The jury send word to the judge of the court that they have arrived at a verdict. This being a legal holiday, and the court not being in session, court is opened by the judge thereof solely for the purpose of receiving the verdict of the jury." In the case of *Back v. State,* 75 Neb. 603, we held: "Where the record shows an order adjourning a term of the district court to a

future day, and judicial proceedings in the interval, it
will be presumed, if necessary to support the jurisdiction
of the court over such proceedings, that the order of ad-
journment was vacated, and the court reconvened.'' De-
fendant's contention is that the words, ''the court not be-
ing in session,'' used in the journal entry, conclusively
show that the court did not reconvene, and that the rule
quoted is not applicable. The record shows that the regu-
lar practice was followed in the reception and entering
of the verdict. Defendant was present in the room; the
jury was regularly brought in by the sheriff; the verdict
was handed to the clerk and read; and the jury affirmed
it. The concluding statement of the court's entry is:
''Thereupon court is closed for the day by order of the
court.'' Defendant made no objection to the proceedings.
Reading the journal entries in their entirety, they fail to
sustain defendant's contention. It was not a privy
verdict.

The record is free from error, and the judgement is
                                        AFFIRMED.